**ANDERSON et al. v. UNITED STATES for Use of A. G. RUSHLIGHT & CO. et al.**

**No. 10930.**

Circuit Court of Appeals, Ninth Circuit.

Oct. 29, 1945.

DuPuis & Ferguson, of Seattle, Wash., for appellants.

Lycette, Diamond & Sylvester, of Seattle, Wash., for appellees.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a portion of a judgment for appellees following a trial of a jury waived action brought in the name of the United States for its subcontractor A. G. Rushlight & Co., one of the appellees herein, and hereinafter called appellee, against the main construction contractor Eivind Anderson and his surety Continental Casualty Company, here appellants. The

portion of the judgment appealed from awarded the subcontractor a recovery for the supply and installation of certain power house boilers and accessories, appellee having an extensive subcontract with appellant Anderson for a central steam heating plant for a 400-bed hospital and miscellaneous other buildings for the War Department at Fort Lewis, State of Washington.

The controversy in this court reduces itself in substance to a question of the sufficiency of the evidence to support the finding and judgment of the District Court that the subcontractor appellee was not obligated under its written contract dated May 15, 1941, with appellant contractor to perform, without additional compensation, revised and more costly construction and installation of power house boilers and accessories than that specified in that contract. The District Court found that the additional expense involved in the performance of this work was not intended to be and was not included in the written contract of May 15, 1941, and that the appellee was entitled to the sum of $12,118 on a separate written proposal of appellee, followed by appellant Anderson's direction to perform the proposed work.

The subcontract dated as of May 15, 1941, but previously agreed upon, provided for a different and less costly character of boilers and installation under the specification designations of "ME 1—ME 15 incl." These were not installed because the War Department changed the specifications to the more costly boilers in fact furnished and installed by appellee. The latter boilers were described in revised specifications "ME-1 (sub)—ME-14 (sub)." There is no merit in appellants' contention that the express terms of ths subcontract dated May 15, 1941, covered the boilers actually provided.

Appellants then contend that there was an oral agreement that the written agreement was to be considered modified to include the more expensive boilers. Assuming the competence of such evidence, the testimony of the opposing parties as to the existence of the modification is highly contradictory, and that of appellants contradictory in itself. It appears that on April 30, 1941, in response to appellant Anderson's request, appellee wrote appellant Anderson showing a breakdown of the added items of expense of the substituted boilers and proposing to install them for an additional $12,118.47. It further appears that on May 22, 1941, appellant Anderson, in a letter, directed appellee to make these proposed changes. The District Court chose to believe the testimony of appellee's president that this exchange of letters was a transaction not included in the May 15, 1941, agreement.

It thus appears that a contract was made by proposal and its acceptance on May 22, 1941, for the changed boilers— that is to say, a second written contract for work not included in the first written contract of May 15, 1941.

In this situation there is no merit in appellants' contention that a claim should have been filed by appellee under a provision of the first contract that

"The sub-contractor agrees—

"(b) To make all claims for extras of every kind and nature in writing within one week from the date that said claimed extra is incurred."

The "extra[s]" last referred to are matters arising in the course of construction, not those provided for in a written agreement made prior to construction. Here there was such an agreement.

We find no error in the findings or conclusions of law of the District Court and the portion of the judgment appealed from is affirmed.

Affirmed.